989 F.2d 495
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Robert Fay BOWMAN, Defendant-Appellant.
 No. 91-5615.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: March 1, 1993
Decided: March 22, 1993
 
 Appeal from the United States District Court for the Northern District of West Virginia, at Elkins. Robert R. Merhige, Jr., Senior District Judge. (CR-89-187)
 Jane Charnock, Charnock & Charnock, Charleston, West Virginia, for Appellant.
 William A. Kolibash, United States Attorney, Robert H. McWilliams, Jr., Assistant United States Attorney, Wheeling, West Virginia, for Appellee.
 N.D.W.Va.
 AFFIRMED.
 Before WIDENER, HAMILTON, and WILLIAMS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Robert Fay Bowman was convicted by a jury of possession of firearms by a convicted felon, in violation of 18 U.S.C.s 922(g)(1) (1988). Bowman took the stand in his own defense, claiming that the guns in question belonged to his father. This testimony contradicted that of several witnesses, who testified that Bowman had stated earlier that the guns were his. Based on his perjury at trial, Bowman received a two-level sentence enhancement for obstruction of justice. See United States Sentencing Commission, Guidelines Manual, § 3C1.1 (Nov. 1990). Bowman appeals, arguing that the enhancement impermissibly inhibited his right to testify in his own behalf.
 
 
 2
 The Supreme Court recently rejected this argument, finding no infirmity in enhancing a sentence under U.S.S.G.s 3C1.1 where the court has found that the defendant perjured himself. United States v. Dunnigan, No. 91-1300, 1993 WL 42844, at*3,*5 (U.S. Feb. 23, 1993). Accordingly, we hold that the two-level enhancement in this case was proper, and we affirm the sentence. As the dispositive issue recently has been authoritatively decided, we dispense with oral argument.
 
 AFFIRMED